# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**ERIC DEJUAN WHEELER,**

    **Plaintiff,**

    **v.**                                  **Case No. 2:19-cv-3512**
                                             **Chief Judge Edmund A. Sargus, Jr.**
                                             **Magistrate Judge Chelsey M. Vascura**

**PICKAWAY CORRECTIONAL INSITUTION,** *et al.***,**

    **Defendants.**

## ORDER and REPORT AND RECOMMENDATION

    Plaintiff, Eric Dejuan Wheeler, an Ohio resident proceeding without the assistance of counsel, has submitted a request to file a civil action *in forma pauperis*. (ECF No. 1.) The Court **GRANTS** Plaintiff's request to proceed *in forma pauperis*. All judicial officers who render services in this action shall do so as if the costs had been prepaid. 28 U.S.C. § 1915(a).

    This matter is also before the Court for the initial screen of Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2) to identify cognizable claims and to recommend dismissal of Plaintiff's Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Having performed the initial screen, for the reasons that follow, it is **RECOMMENDED** that the Court **DISMISS** this action for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B).

**I.**

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'" *Id*. at 31 (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To address this concern, Congress included subsection (e), which provides in pertinent part as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> \* \* \*
>
> (B) the action or appeal--
>
> (i) is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or . . . .

28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Denton*, 504 U.S. at 31. Thus, § 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

Further, to properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual

demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank* , 727 F.3d at 504 (citations omitted). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, 374 F. App'x 612, 614 (6th Cir. 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

## II.

Plaintiff was formerly incarcerated at Pickaway Correctional Institution ("PCI"). According to the Complaint, while incarcerated, Defendant Investigator Richard Davis issued a

conduct report against him in September 2017 ("Conduct Report"), in which Defendant Davis states as follows:

> On 9-27-2017 an altercation occurred between Wheeler 729233 and inmate Brown 524336. Inmate Wheeler self admitted to the altercation which occurred in the restroom. At approximately 10:38 pm Wheeler was observed exiting the restroom, shortly after Brown comes out of the restroom and walks down the left side of the dorm and as he turns the corner, Wheeler begins striking him with a pad lock. Brown received multiple injuries including a fractured orbit to his right eye and head injuries resulting in him being placed on a ventilator at OSU for several days.

(Conduct Report, ECF No. 1-1 at PAGEID # 8.) Plaintiff alleges that the conduct report is false and lacks evidentiary support.

Plaintiff alleges that the Defendants Caughman and Tyler, members of the Serious Misconduct Panel ("SMP") found him guilty of a fight and reversed a "4" assault to a "3" assault. (Compl., ECF No. 1-1 at PAGEID # 6.) In addition, Plaintiff alleges that the PCI Warden improperly issued a decision on his appeal. He further alleges that the Bureau of Classification declined to initially review his appeal, informing him that they would consider his appeal "after the new case." (*Id*.) Plaintiff alleges that the PCI Warden once again impermissibly considered his appeal. Plaintiff states that the Bureau of Classifications ultimately found him guilty of a "3" assault and placed him in Extended Restrictive Housing ("ERH") for one year.

The exhibits Plaintiff attaches to his Complaint shed more light on the facts about which Plaintiff complains. It appears that the SMP issued a form "Disposition of the Rules Infraction Board" in December 2017 in which they found Plaintiff guilty of Rules 3 and 19, offering the following explanation:

> The board believes that Inmate Wheeler A-729233 did assault Inmate Brown A-524336. Video of the incident shows that both inmates were int eh same area at the same time. Inmate Wheeler admitted to fighting Inmate Brown two times. Inmate Brown did spend 4 days in the ICU at OSU. Inmate Browns injuries

4

are indicative of being hit with a weapon. This case is being heard on this date due
to scheduling of the witnesses and charging official that the inmate requested.

(ECF No. 1-1 at PAGEID # 9.) The SMP recommended placing Plaintiff in ERH for one year and institutional separation with Inmate Brown. On January 18, 2018, the Bureau of Classification and Reception issued a Memorandum summarizing the procedural history and pointing out that the SMP violated proper procedures when it modified the Rule 4 charge reflected in the conduct charge to a Rule 3 charge without first issuing a "new Rule Violation Inmate Rights (DRC 4022) with the new rule charges." (ECF No. 1-1 at PAGEID # 13.) The Bureau of Classification therefore remanded the case to the SMP for re-hearing to properly notify Plaintiff of the rules he has been charged with violating. Thereafter, on January 30, 2018, the SMP issued a new decision again finding Plaintiff guilty of violating Rules 3 and 19 for the same reasons set forth in the earlier decision. (ECF No. 1-1 at PAGEID # 10.) Plaintiff apparently appealed this new decision to the Warden, who issued a decision affirming the SMP. (ECF No. 1-1 at PAGEID # 11.) Plaintiff appealed to the Division of Legal Services and Bureau of Classification. The SMP's finding of guilty on Rule 3 was affirmed, but the SMP's finding on Rule 19 was reversed as redundant. The Bureau also noted that the Warden's decision was not applicable to this case given that it was an SMP case. Plaintiff was placed in ERH for one year, given credit for time served, and offered the following explanation for his housing assignment: "[l]ess restrictive means of housing this inmate in a general population housing environment would cause an increased threat to the security of a lower level facility due to the severity of the injuries the victim sustained during this incident." (ECF No. 1-1 at PAGEID # 18.)

Plaintiff names PCI, Investigator Davis, the PCI Warden and Deputy Warden, SMP members Caughman and Tyler, Lauren Chalupa from the Bureau of Classification, and "John

5

Does" as Defendants. Plaintiff does not identify what particular claims he seeks to advance or what relief he seeks.

## III.

As best as the undersigned can discern, Plaintiff is seeking to advance a claim against Defendant Investigator Davis for filing a false conduct report and due process claims against the remaining Defendants. The undersigned considers these potential claims in turn.

**A.     False Conduct Report**

To the extent Plaintiff intends to advance a claim against Defendant Investigator Davis for issuing a false conduct report, it is **RECOMMENDED** that this claim be **DISMISSED** pursuant to §§ 1915(e)(2) and 1915A(b)(1). "[A] prisoner has no constitutional right to be free from false accusations of misconduct." *Jackson v. Hamlin*, 61 F. App'x 131, 132 (6th Cir. 2003) (citing *Freeman v. Rideout*, 808 F.2d 949, 951 (2d Cir. 1986)); *see also Jones v. McKinney*, No. 97-6424, 1998 WL 940242, at *1 (6th Cir. Dec. 23, 1998) (district court properly dismissed a complaint alleging that prison officials "deliberately issued a false disciplinary report" against the plaintiff as frivolous because "even if the disciplinary report was false, . . . a prisoner has no constitutionally protected immunity from being wrongly accused."); *Lee v. Pauldine*, No. 1:12–cv–077, 2013 WL 65111, at *8 (S.D. Ohio Jan. 4, 2013) ("Accepting as true plaintiff's allegation that defendant . . . filed a false conduct report against him, '[t]he act of filing false disciplinary charges does not itself violate a prisoner's constitutional rights.'" (quoting *Spencer v. Wilson*, No. 6:11–00128–KSI, 2012 WL 2069658, at *6 (E.D. Ky. June 8, 2012)), *adopted*, 2013 WL 646775 (S.D. Ohio Feb. 21, 2013)); *Reeves v. Mohr*, No. 4:11-cv-2062, 2012 WL 275166, at *2 (N.D. Ohio Jan. 31, 2012) ("Erroneous allegations of misconduct by an inmate do not constitute a deprivation of a constitutional right.").

**B.     Due Process Claims**

Plaintiff has also failed to plausibly allege due process claims. More specifically, Plaintiff's allegations are insufficient to implicate federal due process concerns because he has not alleged that the disciplinary action—namely, change in his security level and/or assignment to ERH—amounted to a deprivation of a constitutionally protected interest.

"[T]he Fourteenth Amendment's Due Process Clause protects persons against deprivations of life, liberty, or property; and those who seek to invoke its procedural protection must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). "An inmate establishes a liberty interest when a change in conditions of confinement 'imposes atypical and significant hardship on [him] in relation to the ordinary incidents of prison life.'" *Williams v. Lindamood*, 526 F. App'x 559, 562 (6th Cir. 2013) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)). "[A]n increase in security classification . . . does not constitute an 'atypical and significant' hardship in relation to the ordinary incidents of prison life because a prisoner has no constitutional right to remain incarcerated in a particular prison or to be held in a specific security classification." *Harbin–Bey v. Rutter*, 420 F.3d 571, 577 (6th Cir. 2005) (internal quotation marks and citation omitted); *see also Moody v. Daggett*, 429 U.S. 79, 88 n.9 (1976) (change in "prisoner classification" does not implicate a due process right); *Harris v. Truesdell*, 79 F. App'x 756, 759 (6th Cir. 2003) (holding that neither "punishment of more than 60 days of punitive segregation" nor a change in security classification "give rise to a protected Fourteenth Amendment Liberty interest"); *Carter v. Tucker*, 69 F. App'x 678, 680 (6th Cir. 2003) (holding that inmate's placement in disciplinary confinement or a change in security classification or housing assignment did not implicate the Due Process Clause).

Here, Plaintiff has not alleged that the challenged disciplinary proceedings resulted in the lengthening of his prison sentence, the withdrawal of good-time credits, or the deprivation of any necessities of life. Because Plaintiff does not have a constitutional right to a particular security level or housing assignment, it is **RECOMMENDED** that the Court **DISMISS** his due process claims pursuant to §§ 1915(e)(2) and 1915A(b)(1).

## IV.

Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* (ECF No. 1) is **GRANTED**. For the reasons set forth above, it is **RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## **PROCEDURE ON OBJECTIONS**

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

                                                <u>/s/ *Chelsey M. Vascura*</u>
                                                CHELSEY M. VASCURA
                                                UNITED STATES MAGISTRATE JUDGE