UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ERIC DEJUAN WHEELER,

    Plaintiff,

v.

PICKAWAY CORRECTIONAL
INSTITUTION, *et al.*,

    Defendant.

Case No. 2:19-cv-3512
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

This matter is before the Court for consideration of the Magistrate Judge's *August 23, 2019 Report and Recommendation* (ECF No. 3) addressing Plaintiff Eric Dejuan Wheeler's *Objection to the Report and Recommendation.* (ECF No. 4). For the reasons stated herein, the Court **OVERRULES** Plaintiff's *Objection to the Report and Recommendation* (ECF No. 4) and **ADOPTS** the *August 23, 2019 Report and Recommendation.* (ECF No. 3). The above-captioned case is **DISMISSED.**

I.

At all relevant times, Plaintiff was incarcerated at Pickaway Correctional Institution ("PCI"). Plaintiff brought this action against PCI, investigator Richard Davis, the PCI Warden and Deputy Warden, Serious Misconduct Panel ("SMP") members Caughman and Tyler, Lauren Chalupa, and "John Does," as well as a Motion for Leave to Proceed *in forma pauperis.* (ECF No. 1). Plaintiff does not identify in his complaint what particular claims or relief he seeks to advance.

1

Plaintiff alleges that Defendant Davis issued a conduct report against him on October 17, 2019, due to an incident that occurred on September 27, 2019. (ECF No. 1-1 at PAGEID # 8). In the conduct report Defendant Davis stated:

> On 9-27-2017 an altercation occurred between Wheeler 729233 and inmate Brown 524336. Inmate Wheeler self admitted to the altercation which occurred in the restroom. At approximately 10:38 pm Wheeler was observed exiting the restroom, shortly after Brown comes out of the restroom and walks down the left side of the dorm and as he turns the corner, Wheeler begins striking him with a pad lock. Brown received multiple injuries including a fractured orbit to his right eye and head injuries resulting in him being placed on a ventilator at OSU for several days.

(ECF No. 1-1 at PAGEID # 8). Plaintiff alleges the conduct report is false and without video evidence to support the allegations.

Plaintiff alleges Defendants Caughman and Tyler, members of the SMP, decided he was guilty of the fight and that it was a "3" assault instead of a "4." (ECF No. 1-1 at PAGEID # 6). Plaintiff alleges that the PCI Warden then improperly heard his appeal. *Id.* Plaintiff further alleges he appealed to the Bureau of Classification and Reception ("BCR") arguing the SMP's decision was outside of the timeframe given per policy. *Id.* He alleges the BCR responded that they would review his appeal "after the new case." *Id.* Plaintiff alleges next that the Warden then improperly heard his appeal. *Id.* Finally, Plaintiff alleges the BCR heard his appeal a second time and reversed the Rule 19 violation but affirmed the Rule 3 violation. *Id.* Plaintiff alleges that this resulted in him being placed on Extended Restrictive Housing ("ERH"). *Id.*

Plaintiff attached exhibits to his complaint which provide further detail. The SMP held a hearing on December 6, 2017 which resulted in a "Disposition of the Rules Infraction Board" finding Plaintiff guilty of violating Rules 3 and 19. The SMP stated:

> The board believes that Inmate Wheeler A-729233 did assault Inmate Brown A-524336. Video of the incident shows that both inmates were in the same area at the same time. Inmate Wheeler admitted to fighting Inmate Brown two times. Inmate Brown did spend 4 days in the ICU at OSU. Inmate Browns injuries are indicative

2

of being hit with a weapon. This case is being heard on this date due to scheduling of the witnesses and charging official that the inmate requested.

(ECF No. 1-1 at PAGEID # 9). The SMP recommended ERH and institutional separation from Inmate Brown. *Id.*

The BCR notified Plaintiff on December 6, 2017 that they had remanded the case to the SMP for rehearing because the SMP did not follow the proper procedure in making the rule change. (ECF No. 1-1 at PAGEID # 13). The SMP modified the Rule 4 charge to a Rule 3 charge without giving Plaintiff notice through serving a New Rule Violation Inmate Rights form. *Id.* On January 30, 2018 the SMP issued a new decision and again found Plaintiff guilty of both a Rule 3 and Rule 19 violation, for the same reasons, and with the same recommendation, as their December 2017 ruling. (ECF No. 1-1 at PAGEID # 10). The Warden affirmed the SMP's decision on February 12, 2018. (ECF No. 1-1 at PAGEID # 11). Defendant Chalupa from the Division of Legal Services ("DLS") notified the BCR on March 12, 2018 that DLS affirmed the SMP's finding of guilt on Rule 3 but reversed their finding of guilt on Rule 19 as redundant. (ECF No. 1-1 at PAGEID # 17). The DLS also noted that Plaintiff had appealed to the Warden, but that this decision was inapplicable because it was an SMP case. *Id.*

Plaintiff was placed in ERH for one year, given credit for time served starting on September 27, 2017, and given a justification for the placement as: "[l]ess restrictive means of housing this inmate in a general population housing environment would cause an increased threat to the security of a lower level facility due to the severity of the injuries the victim sustained during this incident." (ECF No. 1-1 at PAGEID # 18).

Based on these events, Plaintiff, proceeding without counsel, concurrently filed a Motion for Leave to Proceed *in forma pauperis* and initiated an action against PCI, investigator Davis, the PCI Warden and Deputy Warden, SMP members Caughman and Tyler, Lauren Chalupa, and

3

"John Does." (ECF No. 1). The Court granted this request in accordance with 28 U.S.C. § 1915(e)(2)(b). (ECF No. 3). The Magistrate Judge then concurrently issued a *Report and Recommendation*, which recommended dismissing the action for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(b). Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff objected to the *Report and Recommendation*.

## II.

If a party objects within the allotted time to a report and recommendation, 28 U.S.C. § 636(b)(1) provides that a district court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which the objection is made. The district court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."

The federal *in forma pauperis* statute is "designed to ensure indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989) (citing *Adkins v. E. I. Dupont De Numours & Co.*, 335 U.S. 331, 342–43 (1948)). Recognizing, however, that a litigant whose costs are assumed by the public "lacks economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits," Congress included subsection (e) authorizing federal courts to dismiss certain claims *sua sponte*. *Id.* Courts may, *sua sponte*, dismiss claims which they determine are "frivolous or malicious" or "fail[] to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(i) & (ii); *Neitzke*, 490 U.S. at 324.

Additionally, complaints must satisfy Federal Rule of Civil Procedure 8(a), requiring a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court's standards articulated to govern dismissals under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim apply also to § 1915(e). *Hill v.*

*Lappin*, 630 F.3d 468, 47071 (6th Cir. 2010). Rule 8(a) "imposes legal *and* factual demands on the author of complaints." *16630 Southfield Ltd. P'ship v. Flagstar Bank*, 727 F.3d 502, 504 (6th Cir. 2013).

In evaluating a complaint to determine whether it states a claim upon which relief can be granted under Rule 12(b)(6), a court must construe it in the light most favorable to the plaintiff and determine whether the factual allegations present any plausible claim. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (clarifying the plausibility standard articulated in *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The plausibility of an inference depends on many considerations, "including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank*, 727 F.3d at 504. Although a plaintiff's complaint need not contain "detailed" factual allegations, its "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555.

"Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be construed liberally." *Garret v. Belmont County Sherriff's Dep't*, 374 F. App'x 612, 614 (6th Cir. 2010) (Citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). However, this lenient treatment has limits, "a pro se pleading must provide the opposing party with notice of the relief sought . . .it is not within the purview of the district court to conjure up claims never presented." *Frengler v. GM*, 482 F. App'x 975, 977 (6th Cir. 2012).

### III.

Plaintiff objects to the Magistrate Judge's conclusion that he has failed to state a claim upon which relief can be granted. Plaintiff argues for the first time in his objection that the Defendants violated his Eighth and Fourteenth Amendment rights and seeks damages.

The Sixth Circuit has decided that "issues raised for the first time in objections to the magistrate judge's report and recommendation are deemed waived." *United States v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998); *see also Murr v. United States*, 200 F.3d 895, 903 (6th Cir. 2000) (noting that "[p]eitioner's failure to raise this claim before the magistrate constitutes waiver."); *Glidden Co. v. Kinsella*, 386 F. App'x 535, 544 (6th Cir. 2010) (noting that while other circuits are split on the issue the Sixth Circuit has indicated that "a party's failure to raise an argument before the magistrate judge constitutes a waiver.").

The Plaintiff's complaint does not indicate that his Eighth or Fourteenth Amendment rights were violated. The Magistrate Judge noted that Plaintiff did not identify what particular claims he sought to advance. (ECF No. 3 at PAGEID # 68). Similarly, Plaintiff did not indicate to the Magistrate Judge what damages he sought. Thus, while Plaintiff indicates in his objection that he is seeking to advance his Eighth and Fourteenth Amendment rights and lists damages, these claims are waived because Plaintiff failed to raise them before the Magistrate Judge.

## IV.

Plaintiff's complaint did not assert a particular claim, but the Magistrate Judge considered whether the Defendants violated his Fourteenth Amendment rights. The Magistrate Judge correctly held that the Plaintiff's allegations are insufficient to implicate federal due process concerns because he has not alleged a deprivation of a liberty interest.

The Due Process Clause of the Fourteenth Amendment protects persons against "deprivations of life, liberty, or property; and those who seek to invoke its procedural protection

6

must establish that one of these interests is at stake." *Wilkinson v. Austin*, 545 U.S. 209, 221 (2005). A liberty interest can arise from the Constitution, or from an expectation or interest created by a state's laws or policies. *Id.* The Constitution does not give rise to a liberty interest in avoiding transfer to more adverse conditions of confinement. *See Meachum v. Fano*, 427 U.S. 215, 225 (1976). While state law or policy could create a liberty interest in being free from a such a transfer, these interests are limited to those that "impose[] atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 48384 (1995).

For example, in *Wilkinson v. Austin*, a prisoner's confinement in a small room, without any human contact, for an indefinite amount of time, paired with disqualification from parole, posed an atypical and significant hardship. 545 U.S. at 223–24. In contrast, "[a]n increase in security classification . . . does not constitute 'atypical and significant' hardship in relation to the ordinary incidents of prison life because a prisoner has no constitutional right to remain incarcerated in a particular prison or to be held in a specific security classification." *Harbin-Bey v. Rutter*, 420 F.3d 571, 577 (6th Cir. 2005) (internal quotations marks and citation omitted); *see also Carter v. Tucker*, 69 F. App'x 678 (6th Cir. 2003) (holding a loss of privileges and placement in segregation is not an atypical and significant hardship and there is no liberty interest in freedom from those penalties); *Williams v. Lindamood*, 526 F. App'x 559, 562 (6th Cir. 2013) (holding placement in administrative segregation that disqualifies the prisoner from parole is not an atypical and significant hardship in this instance for the placement is continuously reassessed with a goal of return to the general prison population).

The Magistrate Judge correctly concluded that Plaintiff has not alleged a violation of his due process rights because he has not alleged the deprivation of a liberty. In Plaintiff's

7

complaint he alleges he has been placed in ERH, which is a security classification, a loss of privileges and a placement in segregation. OHIO ADMIN. CODE 5120-9-10(A)(3) (2017). Plaintiff has not alleged he has been placed on ERH indefinitely, that he is not being considered for parole, or any other conditions that are atypical or a significant hardship. Placing Plaintiff on ERH shows no loss of a liberty interest.

In Plaintiff's objection to the Magistrate Judge's *Report and Recommendation* Plaintiff calls particular attention to the fact that the SMP did not follow the timeframe, per policy. The Ohio Administrative Code stated at the time of the events in question that "[t]he SMP shall not exceed twenty-one calendar days from the date of serving the conduct report before conducting the hearing." OHIO ADMIN CODE 5120-9-08.1(C) (2017).[1] Plaintiff's hearing did exceed twenty-one calendar days from the date of serving the conduct report for the conduct report was served on October 17, 2017 and the first SMP panel hearing was on December 6, 2017. This delay, while outside of previous of state policy, is not a significant hardship nor does it expose him to conditions which are not typical to prison life.

Finally, Plaintiff calls to attention in his objection that he believes the SMP came to see him three times instead of two. Plaintiff's complaint, however, only provides documentation for two SMP visits. Regardless, this does not meet the atypical and significant hardship standard and thus, establishes no loss of a liberty interest.

For these reasons the Magistrate Judge correctly concluded Plaintiff did not state a claim for a violation of his Fourteenth Amendment rights because Plaintiff did not allege the deprivation of a liberty interest. Similarly, had the magistrate judge considered Plaintiff's Eight

---

[1] Effective September 20, 2019, this section of the Ohio Administrative Code was rescinded.

Amendment claim, Plaintiff still would not have prevailed. Plaintiff's claim that his Eight Amendment rights were violated fails to state a claim upon which relief can be granted.

**V.**

In conclusion, the Court **OVERRULES** Plaintiff's *Objection* (ECF No. 4) and **ADOPTS** the *August 23, 2019 Report and Recommendation* (ECF No. 3), thereby **DISMISSING** the action.

**IT IS SO ORDERED.**

9-30-2019
DATE

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE

9